FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2007 JAN 10 P 3: 35

CLEAR VIEW PRODUCTS SOUTHEAST,)
INC.,
                                )
        Plaintiff.               )
                                )
v.                               )        Civil Action No.
                                )
GENIUS ROLLER SCREEN SYSTEMS,    )        3:07-cv 23-J-33mm14
  LLC. d/b/a GENIUS RETRACTABLE  )
SCREEN SYSTEMS, an Alabama limited )
liability company. and REEL SCREENS )
OF TAMPA BAY, LLC, a Florida     )
corporation,                     )
                                )
        Defendant.               )
                                )
_____ )

## COMPLAINT AND DEMAND FOR
## JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiff. Clear View Products Southeast, Inc., by its attorneys, for its Complaint

against Genius Roller Screen Systems, LLC. and Reel Screens of Tampa Bay, LLC, 6223

Cricket Hollow Drive, Riverview, Florida, 33569, alleges as follows:

### Nature of the Action

1.      This is an action for patent infringement arising under the patent laws of the

United States. Title 35. United States Code, Sections 100 and following.  This action

concerns retractable screen systems marketed and distributed by Genius Roller Screen Systems, LLC and installed by Reel Screens of Tampa Bay, LLC.

## The Parties

2.      Plaintiff, Clear View Products Southeast, Inc. ("Clear View") is a corporation organized and existing under the laws of Florida, having its principal place of business at 13920 Alvarez Road, Suite 190, Jacksonville, Florida, 32218.

3.      Defendant, Genius is a limited liability company existing under the laws of the State of Alabama with its principal place of business at 12160 Pierce Patton Road, Northport, Alabama, 35475.

4.      Defendant, Reel Screens of Tampa Bay, LLC ("Reel Screens") is a Florida company with a principal place of business in this district at 6223 Cricket Hollow Drive, Riverview, Florida, 33569.

## Jurisdiction And Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1400(b).

6.      This Court has personal jurisdiction over Genius by virtue of Genius having committed patent infringement in this judicial district and Genius' continuous and systematic contacts with this judicial district.

7.      This Court has personal jurisdiction over Reel Screens by virtue of Reel Screens residing in this district and having committed patent infringement in this judicial district and Reel Screen's continuous and systematic contacts with this judicial district.

2

## The Patent

8.      United States Patent No. 6,591,890, titled SPEED REDUCER, was duly and legally issued on July 15, 2003 ('890 patent"). The '890 patent has been assigned to Clear View Products Southeast, Inc.

## Acts Giving Rise To This Action

9.      Genius makes and sells retractable screen systems that are made according to the '890 patent ("Genius Systems").

10.     Genius infringes the '890 patent by (a) making, offering to sell and selling in the United States, Genius Systems; and (b) actively inducing and contributing to infringement of the '890 patent by others by their use of such Genius Systems in the United States. Genius will continue such infringing acts unless stopped by this Court.

11.     Upon information and belief, Genius has had notice of the '890 patent at all times that Genius has infringed the '890 patent. Genius' infringement of the '890 patent has been, and continues to be, willful and deliberate.

12.     Defendant Reel Screens is a distributor of Defendant and infringes the '890 patent by (a) assembling, installing, offering to sell and selling in the United States, Genius Systems; and (b) actively inducing and contributing to infringement of the '890 patent by others by their use of such Genius Systems in the United States. Reel Screens will continue such infringing acts unless stopped by this Court.

3

13.    Plaintiff Clear View has been and will continue to be substantially and irreparably damaged and harmed if Genius infringement is not stopped.  Genius does not have an adequate remedy at law.

WHEREFORE, Clear View requests the following relief:

A judgment, pursuant to 35 U.S.C. § 271, declaring that Genius and Reel Screens have infringed, and that Genius' and Reel Screens continuing acts concerning '890 patent will infringe the '890 patent;

a)    A judgment, pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoining Genius and Reel Screens from making, offering to sell and selling retractable screens in the United States until after expiration of the '890 patent;

b)    A judgment, pursuant to 35 U.S.C. § 284, awarding Clear View damages resulting from Genius' and Reel Screens infringement, increased to treble the amount found or assessed, together with interest;

c)    Clear View's attorneys' fees in this action, pursuant to 35 U.S.C. § 285;

d)    Costs and expenses in this action; and

e)    Such further and other relief as this Court may deem just and proper.

## Jury Demand

Clear View hereby demands trial by jury of all issues in this action that may be tried by a jury.

SMITH HULSEY & BUSEY

By_____

E. Lanny Russell
Trial Counsel

Florida Bar Number 303097
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700 / (904) 359-7708 (facsimile)
erussell@smithhulsey.com

Attorneys for Clear View Products Southeast, Inc.

00553547

5